

FILED

JAN 24 2013

CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## CENTRAL DIVISION

MARK DUNN,

      Plaintiff,

vs.

LYMAN SCHOOL DISTRICT 42-1,

      Defendant.

Civ. No. *13-3004*

**Verified Complaint**

Plaintiff Mark Dunn alleges:

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967 (pub. L.90-202), as amended, 29 U.S.C. § 621 et seq. (the "ADEA"), and the common law of the State of South Dakota, to make whole Plaintiff Mark Dunn.  Defendant Lyman School District 42-1 violated various of Plaintiff's federal statutory and state common law rights by the commission of the wrongful and unlawful conduct described herein below, discriminated against Plaintiff with respect to his terms, conditions, compensation and/or privileges of employment because of his age, and discharged and refused to re-hire Plaintiff because of his age, in violation of the ADEA and the common laws of the State of South Dakota.

## THE PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Mark Dunn ("Dunn") is the person who has been aggrieved by Defendant's actions.  At all relevant times, Dunn has been and is now a citizen and resident of Chamberlain, South Dakota.  Dunn was and is an "individual" within the meaning of 29 U.S.C. §623(a)(1).

2.     Defendant Lyman School District 42-1 ("School District") at all relevant times, is a South Dakota School District organized and existing under the laws of the State of South Dakota, with its principal place of business located in Presho, Lyman County, South Dakota.  The School District is an "employer" within the meaning of 29 U.S.C. §§630(b) and 623(a).

3.     This Court has original federal question jurisdiction over the matters asserted in Count 1 herein pursuant to 28 U.S.C. §1331 in that such civil cause of action arises under the laws of the United States.  Dunn has complied with all procedural requirements applicable to the commencement of this action, including his receipt of the U.S. Equal Employment Opportunity Commission's Notice of Right to Sue, dated October 24, 2012.

4.     This action is properly venued in this Court pursuant to 28 U.S.C. §1391(a) in that the employment practices and other unlawful conduct described herein below were and are now being committed in the District of South Dakota, and School District is located within the District of South Dakota.

## COUNT 1 – AGE DISCRIMINATION

1.     Dunn incorporates and realleges the allegations in Paragraphs 1 through 4 above as if fully set forth herein.

2.     Dunn was employed as a counselor with School District from August 1994 until May 2012.  Additionally, he was also employed under an extra duty assignment as National Honor Society Advisor.

3.     At all relevant times, Dunn satisfactorily performed all aspects of his employment responsibilities with School District, and his employment performance met or exceeded all standards applicable to his employment with School District.

4.     During Dunn's employment with School District and in connection with Dunn's separation from employment with School District, School District discriminated against Dunn with respect to

the terms, conditions, compensation and privileges of employment in manners which included the following:

a. Dunn took early retirement on May 31, 2010, but then was re-hired on September 1, 2010.

b. As a consequence of this resignation, unbeknownst to Dunn, he lost his status as a continuing contract employee of the School District, thereby depriving him of certain procedural due process rights under the laws of the State of South Dakota.

c. During the 2010-2011 school year, Dunn and two other older employees of the School District were threatened with a reduction in force notice ostensibly due to a 10% reduction in state funding. During the 2011-2012 school year. Dunn's contract was reduced from ten (10) months to nine (9) months and his extra duty assignment of National Honor Society Advisor was removed at a loss of salary in the approximate amount of Six Thousand Four Hundred Dollars ($6,400). Dunn was among the oldest personnel at the School District (at that time, sixty-one

(61) years old) and, to his knowledge and belief, was the only staff person that experienced such a reduction.

d. In February 2012, the Superintendent of the School District, Douglas Eppard, inquired of Dunn about his plans for retirement . At that time, Dunn was sixty-two (62) years old. Eppard stated that there was only a 50/50 chance that Dunn's employment contract would be renewed for the following year and that the School District did not want to lose the opportunity to hire a younger counseling intern living in the District. These remarks were made despite the fact that Dunn had always had a satisfactory job performance, as evidenced by strong performance appraisals, and desired to continue his employment. Dunn responded to this inquiry by stating that he intended to continue his employment.

e. During Dunn's last year of employment, the School District was required to evaluate a "new" teacher once each semester, per School District policy and contractual agreement. School District failed to conduct such evaluations as such evaluations would have established

that Dunn's job performance continued to be satisfactory. Moreover, School District failed to provide Dunn with copies of all of his prior years' performance appraisals, apparently falsely stating that such copies had been "lost."

f.  That the grounds alleged by the School District for not renewing Dunn's contract of employment are false and pretextual.

g.  Despite his satisfactory performance, Dunn's employment contract was not renewed and he was replaced by a younger and more inexperienced counselor who was under the age of forty (40).

5.    As a direct and proximate result of the School District's unlawful employment practices, including discrimination against Dunn based on his age, School District has caused Dunn to be aggrieved and has discriminated against Dunn with respect to the terms, conditions, compensation and privileges of employment because of his age, and has discharged/refused to rehire Dunn, in violation of ADEA, and specifically 29 U.S.C. § 623(a)(1).  The

School District's violation of Dunn's rights under the ADEA was willful.

6.     As a direct and proximate result of the School District's unlawful employment discrimination in violation of the ADEA, Dunn is entitled to legal and equitable relief under the ADEA, and has suffered and will continue to suffer damages, including, without limitation, the following:

a. Loss of salary, bonuses, benefits and other income and non-income opportunities associated with continuing employment with the School District and loss of past and future opportunities, in an amount presently estimated to exceed Seventy-Five Thousand Dollars ($75,000); and

b. Personal humiliation and embarrassment, damage to Dunn's professional and personal reputation, and mental distress and anguish, in an amount presently estimated to exceed Seventy-Five Thousand Dollars ($75,000).

## COUNT 2 - RETALIATION

7.     Dunn hereby realleges and incorporates the allegations of Paragraphs 1 through 6 above as if fully set forth herein.

8.     In response to Dunn's protected activity as alleged above, School District has retaliated against Dunn in violation of the ADEA by non-renewing his employment with the School District.

9.     The effect of the practices complained of above has been to deprive Dunn of equal employment opportunities and to otherwise adversely affect his employment status.

10.     As a direct and proximate result of the aforesaid acts, Dunn has suffered emotional distress, medical expenses, embarrassment, humiliation and related damages.

## COUNT 3 - CONFLICT OF INTEREST

11.   Dunn hereby realleges and incorporates the allegations of Paragraphs 1 through 10 above as if fully set forth herein.

12.   That as alleged herein, the School District, in April 2012, hired a new counselor to replace Dunn that was younger and more inexperienced that Dunn in violation of the ADEA.

13.   That upon information and belief, the individual hired by the School District to replace Dunn was the fiancé of the son of the President of the School District's Board of Education.

14.   That President of the School District's Board had a conflict of interest and should have entirely recused herself from participating in the decision to terminate Dunn and hire her son's fiancé.

15.   That the actions of the School District's Board President were contrary to the Board of Ethics of the Associated School Boards of South Dakota.

16.   As a result of the actions of School District and its Board President, Dunn has been damaged in the amount presently estimated to exceed Seventy-Five Thousand Dollars ($75,000).

## COUNT 4 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

17.   Dunn hereby realleges and incorporates the allegations of Paragraphs 1 through16 above as if fully set forth herein.

18.   That the actions of School District as alleged above were extreme and outrageous and intended to cause Dunn severe emotional distress.

19.   That School District had knowledge that Dunn was particularly susceptible to emotional distress.

20.   That School District's conduct, in fact, caused Dunn to suffer severe emotional distress.

21.   That Dunn has suffered damages as a legal and proximate result of School District's conduct in an amount to be determined at the time of trial.

## COUNT 5 – DEFAMATION (LIBEL AND SLANDER)

22.   Dunn hereby realleges and incorporates the allegations of Paragraphs 1 through 21 above as if fully set forth herein.

23.   School District responded to the U.S. Equal Employment Opportunity Commission's inquiry as to Dunn's claim of age discrimination with various pretextual statements regarding Dunn's

job performance which were false and injurious to Dunn's professional reputation, and Dunn alleges that School District made other public statements as to his professional reputation that were false and injurious to his professional reputation.

24.    That libel is defined under South Dakota Codified Law § 20-113 as "a false and unprivileged publication by writing... which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."

25.    That slander is defined under South Dakota Codified Law § 20-11-4 as a "false and unprivileged publication, which... tends directly to injure him in respect to his ... profession, trade, or business, ... by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires. ..."

26.    That School District's communications regarding Dunn were not privileged, as defined under South Dakota Codified Law § 20-11-5, because, *inter alia,* they were not made in the proper discharge of official duty or in any legislative or judicial proceeding, or in any other official proceeding authorized by law.

27. That School District's conduct constituted libel and slander, respectively, and School District infringed upon the right of Dunn not to be defamed.

28. That Dunn has suffered damages as a legal and proximate result of School District's conduct in an amount to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court:

(A)   Order Defendant to make whole Plaintiff by providing appropriate back pay with prejudgment interest, in the amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, front pay and reinstatement;

(B)   Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

(C)    Order Defendant to make whole Plaintiff by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including pain, suffering, and humiliation, in amounts to be determined at trial;

(D) Order Defendant to make whole Plaintiff by providing compensation for suffering damages, including humiliation and damage to professional reputation, due to defamation.

(E)    For Plaintiff's costs and attorney's fees herein; and

(F)    For such other relief as the Court may deem just or equitable under the circumstances.

Dated this 24th day of January, 2013.


**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

Mark Dunn
215 W. Stearns Ave.
Chamberlain, SD 57325
phone 605-682-1942

STATE OF SOUTH DAKOTA    )
                                  ) ss:

COUNTY OF HUGHES          )

      Mark Dunn, being first duly sworn upon oath says that he is the person above named; that he has read the above and foregoing instrument, understands the contents thereof, and that the same is true of his own knowledge, except as to matters therein stated upon information and belief, and as to such matters, he believes the same to be true.

_____
Mark Dunn

      Subscribed and sworn to before me this 24 day of January, 2013.

_____
Notary Public, South Dakota


(SEAL)

My commission expires: 12-17-2015